**CATAPHOTE CORPORATION, a corporation, Appellant,**

v.

**DE SOTO CHEMICAL COATINGS, INC., a corporation, Appellee.**

No. 19827.

United States Court of Appeals Ninth Circuit.

March 28, 1966.

Charles J. Merriam, Willliam A. Marshall, Alvin D. Shulman, Merriam, Marshall, Shapiro & Klose, Chicago, Ill., Allan R. Moltzen, Lerer, Moltzen & McAteer, San Francisco, Cal., for appellants.

Dugald S. McDougall, Chicago, Ill., Carl Hoppe, San Francisco, Cal., for appellee.

Before BARNES, HAMLIN and ELY, Circuit Judges.

PER CURIAM.

The opinion of this Court, 356 F.2d 24, filed February 8, 1966, is modified by striking the last line of said opinion, and inserting the following in its place:

"We base our conclusions expressed in the last paragraph on the following findings made below, and appellee's

notes 11, 12 and 13, hereinafter set forth, as they appear in appellee's brief:

'Although plaintiff, Cataphote, now makes the point that the compositions used in these public uses, on sale and sales were not the same compositions as claimed in some of the claims of the patent (e. g., claims 3, 4 and 5, added by the application filed December 18, 1959), Cataphote has previously admitted in its Answers to Interrogatories that all of the Thermaline materials so used and sold were covered by the patent, explicitly stating in Answer to Interrogatory No. 46 that "all sales of Thermoplastic highway marking compositions sold by Cataphote both before and after the issuance of the patents in suit were in accordance with the teachings of the patents in suit or the applications upon which the patents were based."

'It was in large part upon this admission and plaintiff's ostensible theory of the case that the issue on separate trial would be merely whether the alleged public uses and on sale were "experimental" in nature that a separate trial of the issue of public use and on sale was ordered by the Court. (See, Memorandum of Decision [on defendant's motion for separate trial of issues]), filed herein May 19, 1964.

'Apart from this evidence and this theory of the case, the evidence is further clearly to the effect that Poole was not the inventor of the examples added by the application of December 18, 1959, which form the basis of the specifications of claims 3, 4 and 5.[11] The evidence also clearly shows that the particular form of the product embodied in these claims is a nonsubstantial varition from Poole's original specifications of November 12, 1957 [12] and, further, that any asserted differences between the composition publicly used, on sale, and sold and other

claims of the patent are mere improvements or minor variations.[13]

'11. Specification 11 (AOB 19–20) challenges this finding; the evidence which supports it is discussed in this brief, pages 42–46.

'12. Specification 12 (AOB 20) challenges this finding; the evidence which supports it is discussed in this brief; pages 46–47.

'13. Specification 13 (AOB 20) challenges this finding; the evidence which supports it is discussed in this brief; pages 46–47.' (Appellee's brief, pp. 12–13.)

"We agree with appellees that these findings are supported by the evidence.

"The judgment of the district court is affirmed."

With this change, the petition for rehearing is denied.